# Alabama National Bank *v.* Williams, *et al.*

*Bill by Judgment Creditor to Set Aside Conveyance.*

[DECIDED FEB 2, 1905.]

1. *Jurisdiction of Judge of 15th Judicial Circuit; No Equity Jurisdiction.*—The only authority given the judge of the 15th judicial circuit to try cases in equity being the act creating said circuit, and said act being unconstitutional and void, the judge of said court, though a *de facto* circuit judge, could exercise no equity jurisdiction.

APPEAL from the Circuit Court of Elmore.

Heard before the Hon. TERRY RICHARDSON.

The bill in this case was filed by the appellant against the appellees, and sought to have subjected to the payment of complainant's claim against Thomas Williams, deceased, certain real and personal property, and to have certain conveyances declared null and void. and to enjoin those claiming to own the property sought to be subjected from interfering therewith.

Under the opinion on the present appeal it is unnecessary to set out the facts in detail. On the final submission of the cause upon the pleadings and the proof, the chancellor rendered a decree dissolving the injunction denying the relief prayed for, and ordering the bill dis-

missed. From this decree the appeal is prosecuted, and the rendition thereof is assigned as error. In this court there was a motion made to dismiss the appeal.

L. E. PARSONS and WARD & HOUGHTON, for appellant. If the court should conclude that the circuit court of Elmore county was without equity jurisdiction, we then apprehend the rule to be: "When the trial court has no jurisdiction of the subject matter of a cause the appellate court has none, except to annul by reversal the illegal proceedings below. It cannot remand the cause to the trial court, nor retain the cause for further proceeding." 2 Pl. & Pr. 23 and notes 2, 3, and 4. It is suggested that in such case the judgment of this court will be that decree of the court for want of jurisdiction be annulled. *McClure v. Lacy*, 30 Ala. 208.

CHARLES P. JONES and HUGH NELSON, for appellee.

ANDERSON, J.—This appeal is prosecuted by the complainant from a decree heretofore rendered by Hon. Terry Richardson, the then judge of the 15th judicial circuit of Alabama, sitting in equity.

The act establishing the circuit, (Acts, 1903, page 488), has been declared unconstitutional in the case of *The State ex rel. v. T. Scott Sayre*, (in MS.) It is true that we have held the acts of the judges, whose circuits have since been declared unconstitutional, were valid, because the acts of *de facto* judges. In each instance such an adjudication relates to acts done as circuit judge and not as a chancellor. The only authority given the judge of the 15th judicial circuit to try cases in equity, is the act creating the said circuit, and since said act is void, the judge in this case, though a *de facto* circuit judge, could exercise no jurisdiction in equity.

We cannot concur in the contention of appellant's counsel, that the circuit court has equity jurisdiction independent of the act in question.

There being no valid judgment in the case at bar from which an appeal could be had, the appeal is dismissed.

Appeal dismissed.

[Ladd, *et al.* v. Powell, *et al.*]

McCLELLAN, C. J., and TYSON and SIMPSON, JJ., concur.